K87PGREC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

UNITED STATES OF AMERICA,

           v.                           17 CR 630-5 (ER)
                                 Telephone Conference

KARL SEBASTIAN GREENWOOD,

           Defendant.

------------------------------x

                                 New York, N.Y.
                                 August 7, 2020
                                 9:06 a.m.

Before:

                  HON. EDGARDO RAMOS,

                                 District Judge

               APPEARANCES VIA TELEPHONE

AUDREY STRAUSS,
    Acting United States Attorney for the
    Southern District of New York
NICHOLAS FOLLY
CHRISTOPHER J. DIMASE
    Assistant United States Attorneys

BARKET EPSTEIN KEARON ALDEA & LO TURCO, LLP
    Attorneys for Defendant
BY:  BRUCE A. BARKET
    ALEXANDER R. KLEIN

K87PGREC

1              (The Court and all parties appearing telephonically)

2              THE COURT:  Good morning, everyone.  This is Judge

3    Ramos.

4              Jazmine, please call the case.

5              (Case called)

6              MR. FOLLY:  Good morning, your Honor.  This is

7    Nicholas Folly on behalf of the government.  I'm also joined by

8    AUSA Christopher Dimase.

9              THE COURT:  Good morning.

10             MR. BARKET:  Good morning, your Honor.  This is Bruce

11   Barket for Mr. Greenwood.  Joining me, as his counsel, is

12   Alexander Klein, and I believe Mr. Greenwood is on the call as

13   well.

14             THE COURT:  Good morning.

15             Mr. Greenwood, can you confirm that you're on the

16   call?

17             THE DEFENDANT:  Yes, good morning.  This is

18   Mr. Greenwood on the phone.  Thank you.

19             THE COURT:  Good morning to you.

20             This matter is on for a status conference, but for the

21   record, I note that it is being conducted remotely and by

22   telephone as a result of the pandemic.  We are being assisted

23   by a court reporter; so when you speak, please do state your

24   name and speak slowly and clearly so we can all understand you

25   and particularly the court reporter.

K87PGREC

1          Before we get going, Mr. Greenwood, I just want to

2     confirm with you that you understand that you have a right to

3     be present in court for this proceeding.  Do you understand

4     that?

5          THE DEFENDANT:  Yes.

6          THE COURT:  And have you confirmed or have you

7     discussed with your lawyer your right to be present for this

8     proceeding?

9          THE DEFENDANT:  Yes, I have.

10          THE COURT:  And do you waive your right to be present

11     for this proceeding?

12          THE DEFENDANT:  Yes, I do.

13          THE COURT:  And, Mr. Barket, will you confirm for me

14     that you have discussed this issue with your client and that he

15     does waive his right to be present for this proceeding?

16          MR. BARKET:  This is Bruce Barket.  Yes, Judge.

17          THE COURT:  Very well.

18          Mr. Folly or Mr. Dimase, tell me where we are.

19          MR. FOLLY:  Yes, good morning, your Honor.  This is

20     Nicholas Folly.  Since the parties last appeared, there has

21     been some turnover with the defendant's representation in this

22     case.  He has retained new counsel a number of times and most

23     recently retained new counsel at the end of May of this year.

24          His new counsel has only had a couple of months on the

25     case at this point, and we have produced a subset of discovery

K87PGREC

1    to Mr. Barket and Mr. Klein.  We have had some discussions with

2    defense counsel, both current and former, about a potential

3    pretrial resolution of this case.  However, in light of some of

4    the current circumstances, particularly with respect to

5    attorney visits, it has simply not been a sufficient amount of

6    time for Mr. Barket and Mr. Klein to fully discuss this case

7    with Mr. Greenwood and adequately review the discovery that

8    they have and discuss his options at this stage.

9         As we understand it, he is evaluating whether to move

10    forward with this case in a sort of potential trial posture or

11    to move forward with some sort of pretrial resolution of the

12    case.

13         From the government's perspective, and we've discussed

14    this a little bit with defense counsel, at this stage, I

15    believe it would make sense to hold off on setting any

16    deadlines for motion practice or the completion of discovery,

17    at least for now, and to come back for another conference

18    within the next month or two to revisit the status of the case

19    and proceed from there at that time.

20         THE COURT:  Very well.  Mr. Barket?

21         MR. BARKET:  This is Bruce Barket.  I agree with the

22    government in this instance.

23         I'll add that the method by which we are able to

24    communicate with our client, while we appreciate all the work

25    that's being done by various parties, including apparently the

1    federal public defenders in coordinating this, it is woefully

2    inadequate, especially to confer with somebody on a case as

3    complex like this.

4            We get an about an hour once every ten days or so,

5    sometimes a little bit longer.  This week, and I don't know why

6    but I certainly do appreciate it, we were able to get Wednesday

7    for an hour and a half and yesterday for an hour and a half; so

8    we got a total of 180 minutes over two days and made some real

9    progress.  But this has been painstakingly slow.

10           If we had the ability to visit our client, i.e. going

11   to the jail, like the guards do every day, we would spend hours

12   with him over a very short amount of time to get up to speed on

13   this.  It's a $15 billion alleged scheme, international

14   crypto-currency with a huge amount of discovery and a great

15   deal of information available, frankly, on the internet about

16   One Coin, all which needs to be reviewed by us and then

17   discussed with our client, who the government has alleged is

18   one of the key participants in the alleged fraud.

19           So I certainly agree that we need more time before we

20   can move forward with any deadlines, but I did want to note

21   that the way the system is currently set up, which is

22   prohibiting us from seeing our client at the facility and

23   limiting us to having to ask for video conferences, which

24   usually take about ten days to set up, is really not sufficient

25   and it's not, I don't think, sustainable over the course of --

K87PGREC

1   for very much longer.  It's been this way since May and,

2   obviously, for several months before that although we weren't

3   representing Mr. Greenwood at that time.

4            THE COURT:  Can I ask you, Mr. Barket, where is

5   Mr. Greenwood being held?

6            MR. BARKET:  At MCC, your Honor.

7            THE COURT:  In Manhattan?

8            MR. BARKET:  Yes.

9            THE COURT:  Okay.  Well, I certainly appreciate not

10  only the complexity of this case but the obstacles that you

11  have in communicating with your client as a result of the

12  pandemic.  I mean, I will say this.  The efforts that are being

13  undertaken by the BOP, you know, have served to maintain a

14  level of safety that has resulted in both the MCC and the MDC

15  having rather good results in terms of the spread of the

16  pandemic or the Covid.

17           So it's a difficult situation, I understand, and, you

18  know, I will do whatever I can to facilitate your ability to

19  communicate with your lawyer.  But these are difficult times,

20  unfortunately.

21           So we should come back in about two months, Mr. Folly?

22           MR. FOLLY:  Yes, your Honor.  That would make sense to

23  the government.

24           THE COURT:  Mr. Barket?

25           MR. BARKET:  (Indiscernible)

K87PGREC

| 1 | THE COURT:  Okay.  Mr. Barket, you were breaking up. |

1          THE COURT:  Okay.  Mr. Barket, you were breaking up.

2  I understood you to say you have no objection to that, correct?

3          MR. BARKET:  That's correct, Judge.

4          THE COURT:  Okay.  So, Ms. Rivera, will you give us a

5  time in early October?

6          THE DEPUTY CLERK:  Yes.  October 5 at 11:00 a.m.

7          THE COURT:  Okay.  In the meantime, Mr. Barket, have

8  you received all of the discovery in this case?

9          MR. BARKET:  Excuse me.  I've received the entire file

10  from prior counsel and some additional discovery from the

11  government.  I'm assuming that's all but --

12          THE COURT:  Okay.  Mr. Folly, can you confirm that all

13  of the discovery that the government has has been turned over

14  to Mr. Barket?

15          MR. FOLLY:  Your Honor, at this stage, we have not

16  turned over all of the discovery primarily because of the

17  ongoing discussions about a pretrial resolution.

18          We have focused on providing to defense counsel what

19  we believe is some of the most pertinent and inculpatory

20  portions of that discovery, including some of the defendant's

21  e-mails and other such communications that demonstrate his

22  knowledge and participation in this fraud scheme, as well as

23  his conception from the very beginning of the fraud scheme.

24          We would be happy to have a discussion with defense

25  counsel and then come back to the Court with a proposed

K87PGREC

1   discovery schedule, if that makes sense with defense counsel as

2   well.

3           THE COURT:  Mr. Barket?

4           MR. BARKET:  That is fine with us.  Frankly, I mean,

5   we've not gotten very far in going through the discovery we

6   have because of the difficulties in consulting with my client.

7   That isn't say we haven't had the ability to read it.

8   Obviously, we have.

9           But the second step, which is fairly important, to

10  discuss it and go over it in detail with Mr. Greenwood is --

11  we're a long way from completing what we have.

12          THE COURT:  Okay.  Well, I would encourage you, the

13  parties, to have discussions about what has not been turned

14  over and what Mr. Barket may determine to be useful for his

15  discussions with Mr. Greenwood.

16          Is there anything else that we need to do today,

17  Mr. Folly?

18          MR. FOLLY:  Your Honor, the government would move for

19  the exclusion of time in the interests of justice from today

20  through October 5th so that defense counsel has sufficient time

21  to continue reviewing discovery, and also so that the parties

22  can continue to discuss a pretrial resolution in this case.

23          THE COURT:  Mr. Barket?

24          MR. BARKET:  I agree, Judge.  We would not object to

25  the exclusion of time.

K87PGREC

| | |
|---|---|
| 1 | THE COURT:  Very well.  I will exclude the time |
| 2 | between now and October 5 under the Speedy Trial Act.  I find |
| 3 | that Mr. Greenwood's interests in continuing his discussions |
| 4 | with Mr. Barket and his other lawyers and reviewing the |
| 5 | discovery and discussing a pretrial disposition outweigh the |
| 6 | interests of the public and the defendant in a speedy and |
| 7 | public trial; so that time will be excluded. |
| 8 | Is there anything else that you wanted to raise, |
| 9 | Mr. Barket? |
| 10 | MR. BARKET:  No.  Thank you, your Honor. |
| 11 | THE COURT:  Mr. Folly? |
| 12 | MR. FOLLY:  No, your Honor. |
| 13 | THE COURT:  In that event, we are adjourned. |
| 14 | Everyone, please stay well. |
| 15 | MR. BARKET:  You too. |
| 16 | MR. FOLLY:  Thank you, Judge. |
| 17 | (Adjourned) |