# EXHIBIT B

# **SECURED PROMISSORY NOTE**

$500,000.00   Date: August 14, 2019

For value received, the undersigned Mark S. Scott (collectively, the "Borrower"), at 600 Coral Way, 12, Coral Gables, Florida 33134, promises to pay to the order of Marietta Halle (the "Lender"), at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (or at such other place as the Lender may designate in writing), the sum of $500,000.00 (the "Principal") with interest accruing from August 16, 2019, on the unpaid Principal at the rate of 12% per annum.

## I. TERMS OF REPAYMENT

### A. Payments

Unpaid principal after the Due Date shown below shall accrue interest at a rate of 15% annually until paid.

The unpaid Principal and accrued interest shall be payable no later than March 15, 2020 (the "Due Date").

### B. Application of Payments

All payments on this Note shall be applied first in payment of accrued minimum interest of $72,000 (or the Default interest, as the case may be) and any remainder in payment of Principal. Any payment in full of the Principal before the Due Date shall still require a payment of $72,000 on or before the Due Date.

### C. Acceleration of Debt

If any payment obligation under this Note is not paid when due, the remaining unpaid Principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. SECURITY

This Note is secured by personal property, cash equivalents and payment garnishments listed (collectively, the "Collateral") on Exhibit A hereto. The Lender is not required to rely on the above security instrument and the assets secured therein for the payment of this Note in the case of default but may proceed directly against the Borrower.

## III. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

Secured Promissory Note, August 14, 2019

## IV. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

1) the failure of the Borrower to pay the Principal and any accrued interest when due;

2) the liquidation, dissolution, incompetency or death of the Borrower;

3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

4) the application for the appointment of a receiver for the Borrower;

5) the making of a general assignment for the benefit of the Borrower's creditors;

6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

8) the sale of a material portion of the business or assets of the Borrower.

In addition, the Borrower shall be in default if there is a sale, transfer, assignment, or any other disposition of any Collateral pledged as security for the payment of this Note, or if there is a default in any security agreement which secures this Note.

## V. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VI. MISCELLANEOUS

All payments of Principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This Note may not be amended without the written approval of the holder.

2

Secured Promissory Note, August 14, 2019

## VII. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of Florida and subject to the jurisdiction of the Courts of the Florida in Miami-Dade County.

## VIII. GUARANTY

Mark S. Scott unconditionally guarantees all the obligations of the Borrower under this Note and agrees that any modifications of the terms of payment or extension of time of payment shall in no way impair its guarantee, and expressly agrees its guarantee of any modifications or extensions of this Note.

## IX. SIGNATURES

This Note shall be signed by Mark S. Scott and Marietta Halle. This Note shall also be co-signed by Lidia Scott as Power of Attorney and Executor of all Marital Assets as defined on Exhibit A hereto.

**[SIGNATURE PAGE FOLLOWS]**

3

Secured Promissory Note, August 14, 2019

**IN WITNESS WHEREOF,** this Secured Promissory Note has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this 13th day of August 2019 in Florida.

Borrower:

_____
Mark S. Scott

Lender:

_____
Marietta Halle

CO-SIGNOR

_____
Lidia Scott, as POA and Executor of Marital Assets
(as described on Exhibit A), not her individual property

4

# EXHIBIT A

### Collateral[1]

1. Promissory Note issued by Sharlely Becker for £300,000.00 (approximately US-$365,000.00) payable no later than July 30, 2020, with written authorization to Lender to assign or use as collateral such Note;

2. IRA Retirement account, ▮▮▮▮▮▮▮▮▮▮ with approximately $177,000 current value;

3. An absolute right to garnish twenty-five percent (25%) of any distributions (realized or not) made to the Scott family and/or affiliates by CCC Wellfleet NV, LLC (a Marital Asset);

4. One half the legal and consulting fees ($375,000) owed to Mr. Scott by Natural Ventures Group, in particular CCC Wellfleet NV, LLC and CCC Mashpee Holdings, LLC (a Marital Asset).

In the event Mr. Scott is unavailable, for any reason, including his demise, Lidia Scott shall be responsible to pay out of Marital Assets to the Lender any interest payments from other existing transactions between the Borrower and Lender, such as or example the $60,000 annual distribution stemming from 105 Sunset Ln, Barnstable development project.

As soon as Mr. Scott's legal proceedings regarding money laundering charges in New York are adjudicated, he shall prepare and file a financing statement securing the account listed in 2. above for the Lender against further encumbrances.

---

[1] As soon as the Note is paid in full, all Collateral listed above shall no longer be available for enforcement of debts owed by Lender.

August 14, 2019

Mark S. Scott
MSS International Consultants, LLC
600 Coral Way, 12th Floor
Coral Gables, FL 33134

**Re: Promissory Note for £300,000.00 Payable from Alimony, dated July 30, 2018 (the "Note")**

Dear Mark,

By copy of this letter, I consent to you using the Note, a copy attached hereto, as collateral for a business or personal loan up to its full principal amount of £300,000.00. I shall remain liable on the Note, as set forth therein and pay the Note in full directly to its holder of record at the earlier of (i) receipt of my first alimony lump sum payment or (ii) July 31, 2020.

All terms set forth in the Note shall remain valid and binding.

I further confirm that I understand that you are assigning the rights for collection and/or direct payment by me of the obligations under the Note to Mrs. Marietta Halle at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Best regards,


Sharlely Becker


Witness:_____
Print name:

August 15, 2019



Witness:_____
Print name:

August 15, 2015

August 12, 2019

Mark S. Scott
MSS International Consultants, LLC
600 Coral Way, 12th Floor
Coral Gables, FL 33134

Re: Promissory Note for £300,000.00 Payable from Alimony, dated July 30, 2018 (the "Note")

Dear Mark,

By copy of this letter, I consent to you using the Note, a copy attached hereto, as collateral for a business or personal loan up to its full principal amount of £300,000.00. I shall remain liable on the Note, as set forth therein and pay the Note in full to its holder of record at the earlier of (i) receipt of my first alimony lump sum payment or (ii) July 31, 2020.

All terms set forth in the Note shall remain valid and binding

Best regards,


Sharlely Becker

Witness: _[signature]_
Print name: Sharley Bedue
Date: 12-08-2019

Witness: *[signature]*
Print name: Valerie Ackerman
Date: 8/12/2019

## PROMISSORY NOTE

Dated: July 30, 2018

**Loan Terms**

FOR VALUE RECEIVED, the undersigned, SHARLELY BECKER, whose address is ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (the "Borrower"), promises to pay to the order of MSS INTERNATIONAL CONSULTANTS, LCC, a Florida limited liability company, whose address is 600 Coral Way, 12th Floor, Coral Gables, Florida 33134, (the "Lender", which term will include any transferee of this Note), the outstanding principal balance, as defined below, with no interest payable on the outstanding principal balance from the date of this Note to and including the maturity date, as defined below.

The term "Maturity Date" shall mean July 31, 2020.

The Lender has provided the sums to date on the following basis: (i) 25,000 British Pound Sterling paid on 6 July 2018 to the Borrower for her immediate moving expenses; (ii) 15,000 British Pound Sterling paid to Grosvenor Law of London, England on 24 July 2018 as payment on account for legal fees; and (iii) 140,000 British Pound Sterling paid directly to the borrower on 30 July 2018, to secure a 12 months rental of 50 Arthur Road, Wimbledon, SW19 7DS. Any further sums sought by the borrower under this agreement, to not exceed a total loan amount of £300,000, will be exclusively for legal fees plus vat in respect of the proceedings in England in the divorce and any prospective claims bought by the trustee in bankruptcy of Boris Becker. The borrower may request these sums from the Lender by way of (Future advances).

The total amount of indebtedness that is secured by this Note may decrease or increase from time to time; provided, however, that the total unpaid Principal Balance secured at any time shall not exceed Three Hundred Thousand British Pound Sterling (£300,000) plus any interest thereon. Any Future Advances made by Lender pursuant to this Note shall be wholly and exclusively for the payment of reasonable attorneys' fees (whether or not litigation has been commenced and in all trial, bankruptcy and appellate proceedings) and court costs incurred in the collection of any or all of such sums of money and interest thereon. All Future Advances and readvances shall be made within two (2) years from the date hereof, and all indebtedness created by such Future Advances and readvances shall be secured hereby. All provisions of this Note shall apply to any Future Advances or readvances made pursuant to the provisions of this Section.

Initial: *HSI*
*SB*

1

Further, the Lender cosigned the legal retainer agreement with Grosvenor Law and provided the £15,000, so the Borrower could obtain legal counsel for her divorce proceedings.

**Optional Payments by Borrower**

The Borrower may, at any time and from time to time, make payments on account of the Principal Balance of this Note. Any payment by the Borrower will be applied first against any interest owing under this Note and then against the Principal Balance.

**Required Payment**

If Lender has not received the full amount due under this Note by the end of fifteen (15) days after the Maturity Date, Borrower will pay a late charge to Lender. The amount of the charge will be One Thousand Five Hundred British Pound Sterling (£1,500.00) for such late payment. If Borrower does not pay the entire Principal Balance and all other sums due under this Note within fifteen (15) days, then the Borrower shall be in default of this Note and the Lender shall have the option to exercise all rights hereunder and in law and equity.

**Recording of Loan and Payments**

The Lender will enter on a Schedule the principal amount of each payment it makes to the Borrower, the date the principal amount was provided, any repayment of principal which the Borrower makes, the date on which each such repayment is made, and the outstanding principal balance as a result of each such payment or repayment. The Borrower hereby authorizes the Lender to make such entries and agrees that those entries and the outstanding Principal Balance as shown on such Schedule will constitute conclusive evidence of all payments and repayments and the dates thereof and of the outstanding Principal Balance under this Note.

**Where to Make Payment**

All payments due hereunder shall be made in lawful currency of the United States of America in immediately available funds at for the account of Lender or in such other manner at such other place as the Lender designates in writing.

**Default Interest**

Upon default the Borrower shall thereafter pay interest on the Principal Balance and any other amounts due under the Note from the date of such

Initial: _HSJ_

2

default declaration or the Maturity Date until the date this Note is satisfied in full, at a rate per annum equal to the presiding US Federal Reserve Rate plus 2%.

**Usury Clause**

Notwithstanding any other provision of this Note, interest under this Note shall not exceed the maximum rate permitted by law; and if any amount is paid under this Note as interest in excess of such maximum rate, then the amount so paid will not constitute interest but will constitute a payment on account of the principal amount of this Note.

**No Set-Off, Etc.**

The Borrower shall make all payments under this Note without defense, set-off or counterclaim on its part.

**Expenses**

The Borrower further agrees to pay all costs of collection, including, but not limited to, reasonable legal's fees and costs (both on the trial and appellate levels) in case the Principal Balance, together with all interest and any other sums due accrued and unpaid, of this Note is not paid when due or in the event the Lender shall accelerate the Note and the Lender is forced to commence collection proceedings (whether suit be brought or not).

**Governing Law; Submission to Jurisdiction**

This Note and the obligations of the Borrower shall be governed by and construed in accordance with the law of the State of Florida. For purposes of any proceeding involving this Note or any of the obligations of the Borrower, the Borrower hereby submits to the nonexclusive jurisdiction of the courts of the State of Florida and of the United States having jurisdiction in the County of Miami-Dade, State of Florida; and the Borrower agrees not to raise and waives any objection to or defense based upon the venue of any such court or based upon *forum non conveniens*. The Borrower also agrees not to bring any action or other proceeding with respect to this Note or with respect to any of its obligations in any other court unless such courts of the State of Florida and of the United States determine that they do not have jurisdiction in the matter.

**Waiver of Presentment, Etc.**

The Borrower waives presentment for payment, demand, protest and notice of protest and of nonpayment.

Initial: 

3

**Delay; Waiver**

The failure or delay by the Lender in exercising any of its rights hereunder in any instance shall not constitute a waiver thereof in that or any other instance. The Lender may not waive any of its rights except by an instrument in writing signed by it.

**Amendment and Enforceability**

This Note may not be amended without the written approval of the Lender. If any term, covenant or condition of this Note shall be held to be invalid, illegal or unenforceable in any respect, this Note shall be construed and enforced to the fullest extent of the law without such provision. Whenever used herein, the singular number shall include the plural, and the plural shall include the singular.

**Waiver of Jury Trial**

THE UNDERSIGNED WAIVE THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, OR RELATED TO, ANY ASPECT OF THE TRANSACTION IN CONNECTION WITH WHICH THIS DOCUMENT IS BEING GIVEN OR ANY DOCUMENT EXECUTED OR DELIVERED IN CONNECTION WITH SUCH TRANSACTION. THIS WAIVER IS KNOWINGLY, INTENTIONALLY AND VOLUNTARILY MADE BY THE UNDERSIGNED AND THE UNDERSIGNED ACKNOWLEDGE THAT NO ONE HAS MADE ANY REPRESENTATIONS OF FACT TO INDUCE THIS WAIVER OF TRIAL BY JURY OR IN ANY WAY TO MODIFY OR NULLIFY ITS EFFECT. THE UNDERSIGNED FURTHER ACKNOWLEDGE HAVING BEEN REPRESENTED IN CONNECTION WITH THE TRANSACTION WITH RESPECT TO WHICH THIS DOCUMENT IS BEING GIVEN AND IN THE MAKING OF THIS WAIVER BY INDEPENDENT LEGAL COUNSEL, SELECTED BY THE UNDERSIGNEDS' OWN FREE WILL, AND THAT THE UNDERSIGNED HAVE HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH SUCH COUNSEL. THE UNDERSIGNED FURTHER ACKNOWLEDGE HAVING READ AND UNDERSTOOD THE MEANING AND RAMIFICATIONS OF THIS WAIVER PROVISION.

Initial: *NS)*

4

For the purposes of this Deed English Law shall be the applicable law.

IN WITNESS of which the parties have duly executed this deed which is delivered on the date first before written

SIGNED AS A DEED by the said  } *[signature: Becker]*
**SHARLELY BECKER**
In the presence of :-

Witness's signature: *[signature]*

Witness's full names: DEAN WINGROVE

Witness's address: *[redacted]*

Witness's occupation: GOLF PROFESSIONAL

Initial: *[initials]*



## Wealth Management

**Account**

**Value**
Updated 8/13/2019 4:05am ET

**Change in Value**

### Holding Details Updated 8/13/2019 4:04am ET  Update

Group Holdings by: Product | Display Data for: Previous Day's Clos

| All Holdings | Equities | Fixed Income | Funds | Custom |

2-line  3-line

| Description | Value | Yield | Percent of Portfolio | Info |

**▼ Cash** Total

▼ Cash/Money Funds/Bank Balances

UBS BANK USA DEPOSIT ACCOUNT
APY

| Description | Symbol / CUSIP | Quantity | Price | Change in Price | Value | Change in Value | Percent Change | Unrealized Gain/Loss $ % | Percent of Portfolio | Info |

**▼ Equity** Total

▼ Closed End Funds And Exchange Traded Products

| FIRST TRUST US EQUITY OPPORTUNITIES ETF | FPX |
| ISHARES EXPANDED TECH-SOFTWARESECTOR ETF | IGV |
| ISHARES S&P SMALLCAP 600 GROWTH ETF | IJT |
| NUVEEN NASDAQ 100 DYNAMIC OVER | QQQX |

▼ U.S. Common Stock

| ALPHABET INC CL C | GOOG |
| AMAZON.COM INC | AMZN |
| BERKSHIRE HATHAWAY INC NEW CL B | BRKB |
| BLOOM ENERGY CORP CL A | BE |
| CHENIERE ENERGY INC NEW | LNG |
| FACEBOOK INC CL A | FB |
| GLOBUS MED INC CL A | GMED |
| INTERCONTINENTALEXCHANGE GROUP | ICE |
| MASTERCARD INC CL A | MA |
| MONGODB INC | MDB |
| NETFLIX INC | NFLX |
| NRG ENERGY INC NEW | NRG |

