

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 7, 2021

**BY ECF**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    ***United States v. Karl Sebastian Greenwood**, S5 17 Cr. 630 (ER)*

Dear Judge Ramos:

      We write with the consent of the defendant to request that the court enter the enclosed protective order (Exhibit A) governing the production of discovery in this case.    Defense counsel consents to this request and both parties have signed the proposed order.

                        Respectfully submitted,

                        AUDREY STRAUSS
                        United States Attorney

By:   s/_____
               Nicholas Folly / Michael McGinnis
               Assistant United States Attorneys
               (212) 637-1060 / 2305

# __EXHIBIT A__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **S5 17 Cr. 630 (ER)** |
| Karl Sebastian Greenwood, | |
| *Defendant.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant Karl Sebastian Greenwood having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant(s) of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that: (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Attorney's-Eyes-Only Information.**  Certain of the Government's disclosure material, referred to herein as "AEO" material, contains particularly sensitive information that if disclosed to anyone beyond defense counsel could jeopardize the Government's ongoing investigation in this case, and/or the safety of witnesses.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth in this Order.

2. Disclosure material may be disclosed by counsel to:

(a) The defendant;

(b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(c) Prospective witnesses for purposes of defending this action;

(d) Other parties as necessary for purposes of defending this action, only insofar as any and all social-security numbers, taxpayer-identification numbers, birth dates, names of any individuals known to be minors, financial-account numbers, home addresses, phone numbers, email addresses, and any and all other personally identifiable information are redacted in a manner consistent with the privacy protections set forth in Fed. R. Crim. P. 49.1.

3. The defendant and his counsel shall provide a copy of this Order to any person to whom they disclose disclosure material.  Prior to any such disclosure, the recipient of the disclosure material shall agree to be subject to the terms of this Order by signing a copy hereof and providing said copy to defendant's counsel, who shall retain it during the course of the proceeding.

2

4.   AEO material shall be prominently marked "Attorney's Eyes Only."  AEO Material shall not be disclosed in any form, including but not limited to orally disclosing such information, to defendant Karl Sebastian Greenwood or anyone else beyond defense counsel.

5.   The Government may authorize, in writing, disclosure of Disclosure Material and AEO material beyond that otherwise permitted by this Order without further Order of this Court.

6.   By entering into this agreement, the defense does not concede that all information designated by the Government as "AEO" in fact merits the protective measures described in this Order and reserves the right to challenge such designations by the Government.  If the parties cannot reach agreement, the defense reserves the right to raise any such dispute with the Court, consistent with the protections set forth in paragraph (7) below.

7.   This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  However, all filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8.   The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendant, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material").  The defendant, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify

3

items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

9.    Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

10. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

4

**Retention of Jurisdiction**

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    AUDREY STRAUSS
    United States Attorney

by: *Nicholas Folly*                Date: July 7, 2021
    Nicholas Folly / Michael McGinnis
    Assistant United States Attorneys

                              Date: 7.6.21
    Bruce Barket, Esq.
    Counsel for Karl Sebastian Greenwood

SO ORDERED:

Dated:  New York, New York
       July __ , 2021

                              _____
                              THE HONORABLE EDGARDO RAMOS
                              UNITED STATES DISTRICT JUDGE

5