


Justin S. Weddle
212 - 997 - 5518 (o)
347 - 421 - 2062 (m)
jweddle@weddlelaw.com

November 16, 2022

**By ECF**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: **United States v. Karl Sebastian Greenwood, S5 17 Cr. 630 (ER)**

Dear Judge Ramos:

We respectfully submit this letter on behalf of Mr. Greenwood and in response to the prosecution's letter, filed last night, that requests the Court to "confirm" the exclusion of time from the Speedy Trial clock through the scheduled trial date. (ECF 494). The prosecution's letter erroneously invites the Court make retroactive findings about the interests of justice and the exclusion of time, even though such retroactive findings are clearly prohibited by controlling Second Circuit authority. *See United States v. Kelly*, 45 F.3d 45, 47 (2d Cir. 1995) (reaffirming the ruling in *Tunnessen* that a ends-of-justice finding must be made contemporaneously and on the record; holding that the "district court's retroactive finding that [a prior] continuance was granted to further the ends of justice was ineffective to create excludable time."); *United States v. Tunnessen*, 763 F.2d 74, 78 (2d Cir. 1985) (holding that "time may not be excluded based on the ends-of-justice unless the district court indicates *at the time it grants the continuance* that it is doing so upon a balancing of the factors specified by section 3161(h)(8)." (emphasis added); *see also* id. (noting that a contrary rule might permit an "unwitting violation of the Act" to be cured by an after-the-fact finding); *id.* ("Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive"). The prosecution's letter does not cite this binding authority, nor does it explain why its request is not a forbidden retroactive exclusion.

To be sure, the prosecution's letter of June 21, 2022 accurately reflected the parties agreement at that time that time would be excluded from the Speedy Trial clock in the interests of justice, but the Court's endorsement did not make that finding at that time and prospectively. Given the requirement that exclusions (and the findings that support them) be made prospectively, the 70-day Speedy Trial clock expired no later than October 8, 2022 (i.e. 70 days after the previous exclusion of time (ECF 483) expired, on June 29, 2022). Indeed,




a review of the available docket entries shows that the Speedy Trial clock had already expired several times over prior to June 29, 2022—our preliminary calculation shows that 243 days of non-excluded Speedy Trial time has elapsed to date. [1]

---

[1] In the interests of providing this immediate response to the Court, we have compiled the following calculation, which is necessarily incomplete because it does not indicate the Speedy Trial clock status prior to April 3, 2020, nor do we have access to all pertinent transcripts. Nevertheless, even an incomplete chronology appears to indicate that at least 243 days have elapsed to date.

- ECF 268: Memo Endorsement excluding time from April 3, 2020 to June 3, 2020
- ECF 286: Order excluding time from June 3, 2020 to June 24, 2020
- ECF 298: Memo Endorsement excluding time from June 24, 2020 to August 5, 2020
- [In addition, standing orders of the Court under 20 Misc. 196 (CM) excluded time for all cases from April 27, 2020 to September 8, 2020]
- ECF 309: Transcript of 8/7/2020 conference including oral order excluding time from August 7, 2020 to October 5, 2020 (*1 day elapsed on August 6, 2020*)
- ECF 328: Memo Endorsement excluding time from October 5, 2020 to December 18, 2020
- [ECF 353: Memo Endorsement staying discovery for 90 days from December 18, 2020, no Speedy Trial exclusion requested or ordered] (*89 days elapsed from December 19, 2020 to March 17, 2021*)
- [ECF 365: Memo Endorsement staying discovery for an additional 60 days until May 18, 2021, no Speedy Trial exclusion requested or ordered] (*69 days elapsed from March 19, 2021 to May 26, 2021*)
- Minute entry for conference on May 27, 2021 indicates that the Court excluded time to September 10, 2021; no transcript available on the docket (*10 days elapsed from September 11 to September 20, 2021*)
- Minute entry for conference on September 21, 2021 indicates that the Court excluded time to February 24, 2022
- ECF 458: Memo Endorsement excluding time from February 24, 2022 to April 28, 2022
- ECF 475: Memo Endorsement excluding time from April 28, 2022 to June 16, 2022
- ECF 483: Memo Endorsement excluding time from June 16, 2022 to June 29, 2022
- [ECF 486: Memo Endorsement setting motions and trial schedule, but not excluding time] (*74 days elapsed from June 30, 2022 to October 12, 2022*)




The docket sheet entry for ECF 486, which summarizes the Court's order but also states that "time [was] excluded," cannot itself operate as a valid exclusion of time. The Speedy Trial act requires that an exclusion based on the ends of justice, be made by the Court, after considering statutorily-required factors. 18 U.S.C. § 3161(h)(7) and (8). A docket entry that summarizes a written Court order cannot substitute for or augment the order itself. Joint Local Rules, S.D.N.Y. and E.D.N.Y., Local Civil Rule 5.2(c) ("Parties have an obligation to review the Court's actual order, decree, or judgment (on ECF), which controls, and should not rely on the description on the docket or in the ECF Notice of Electronic Filing (NEF)."); Local Criminal Rule 1.1(b) (providing that Local Civil Rule 5.2 applies in criminal proceedings).

In short, the Speedy Trial expiration cannot be cured by a retroactive exclusion, even in circumstances where a violation of the Speedy Trial Act was unwitting or unintentional. Of course, a defendant can waive (by affirmative agreement) or forfeit (by entering a plea or commencing trial without objecting to) a Speedy Trial Act violation. Absent such a waiver or forfeiture of the objection, however, the Speedy Trial Act and controlling authority provide only one possible outcome—dismissal of the case, either with or without prejudice. 18 U.S.C. § 3162(a)(2) (stating that the "indictment *shall be dismissed* on motion of the defendant" (emphasis added)). The deadline for defendant's motions has not yet arrived, and the defendant has not made a final determination of whether to make a motion to dismiss pursuant to the Speedy Trial Act. We respectfully submit that the Court should await the filing of any such motion and briefing on the facts of elapsed and excluded time, as well as on whether such a dismissal should be with or without prejudice, before determining that dismissal is required and the character of that dismissal.

The prosecution's request that the Court retroactively exclude time or that it "confirm" that time was previously excluded *sub silentio* should be denied.

Respectfully submitted,

Justin S. Weddle

---

- ECF 490: Memo Endorsement excluding time from October 13, 2022 to February 1, 2023