

Justin S. Weddle
212 - 997 - 5518 (o)
347 - 421 - 2062 (m)
jweddle@weddlelaw.com

March 10, 2023

**By ECF**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   **United States v. Karl Sebastian Greenwood**, S5 17 Cr. 630 (ER)

Dear Judge Ramos:

    We respectfully submit this letter to supplement the record with additional information from the appellate record in *United States v. Khodadad*, 122 F.3d 1058, 1995 WL 595073 (2d Cir. Sept. 12, 1995) (unpublished), which the parties discussed in the briefs relating to the *Azeem* issue.[1] In particular, the filings in *Khodadad* show that the prosecutors' arguments here are inconsistent with the USAO's understanding of *Azeem* in *Khodadad*. In *Khodadad*, the USAO stated that *Azeem* required remand, even on a plain error standard, although (i) the foreign conduct at issue was part of the "offense of conviction," (ii) the applicable Guideline in that case was not the drug Guideline, and (iii) the filings post-dated Amendment 439.

    In our opening brief, we noted that the USAO had recognized the binding authority of *Azeem* by consenting to a remand for resentencing in *Khodadad*. ECF 516 at 7.

---

[1] We received yesterday from the United States Attorney's Office ("USAO") copies of the principal briefs and the joint appendix on appeal in *Khodadad*. We attach them here as **Exhibit A** (Joint Appendix (we have redacted the PSR from the Appendix) ("A.")), **Exhibit B** (Defendant-Appellant's Brief ("D.Br.")), and **Exhibit C** (Appellee's Brief ("USAO.Br.")). We were unable to obtain access to these documents prior to filing our reply brief. PACER does not include filings from the time period. Nor does the Second Circuit maintain the records onsite—the file for *Khodadad* is in offsite storage in Kansas. We requested that file from the Second Circuit by letter dated February 21, 2023, but it has not arrived. On March 1, 2023, we also requested any *Khodadad* filings from the USAO, which also maintains them in offsite storage. The USAO sent us the accompanying filings yesterday (March 9).


In the prosecutors' opposition brief, they stated that:

> the facts in the opinion are sparse, [but] it appears that the defendant was convicted of receiving stolen goods and then sentenced based on a loss amount that included stolen goods not charged in the indictment. The case would then be exactly in keeping with the "offense of conviction" versus "same course of conduct" distinction.

ECF 519 at 18 n.7. This position is inconsistent with the filings in *Khodadad*.

The Indictment in *Khodadad* charged two counts relating to a single object—a stolen painting by Pieter Brueghel the Younger "worth approximately $1,000,000." A.13-14. The District Court, at sentencing, said that the defendant's theft of other paintings and carpets (never transported to the United States, and worth approximately $10,000,000) was "part of the same criminal conduct and therefore clearly constitutes relevant conduct." A.63.

The defendant's brief on appeal challenged the sentence and cited and discussed *Azeem*. D.Br.25-26. In response, the USAO stated that the issue had not been preserved below, and so was subject only to plain error review. USAO.Br.36. This means that, when it consented to remand, the USAO believed that the error involved was "clear under current law" at the time of sentencing. Under that strict standard, the USAO conceded that *Azeem* required remand for resentencing. USAO.Br.36-37.

The USAO's description of *Azeem* in *Khodadad* refutes the prosecutors' claim here that *Azeem* does not apply to conduct that is swept into the "offense of conviction." ECF 519 at 10-18. As the USAO described it:

> With respect to Azeem's first claim, this Court held that the district court did not err in finding the Egyptian conspiracy was *part of the same crime as Azeem's offense of conviction in the United States*. With respect to Azeem's second claim, however, this Court agreed, holding that the Egyptian transaction "should not have been included in the base offense level calculation because it was not a crime against the United States." [*United States v. Azeem*, 946 F.2d 13, 16-17 (2d Cir. 1991)].

USAO.Br.36 (emphasis added). In other words, the USAO consented to remand despite understanding that (i) the district court in *Khodadad* had found that the other stolen items were "part of the same criminal conduct," and (ii) the Egyptian transaction in *Azeem* was part of the "offense of conviction in the United States"—i.e., the prosecutors' first category in our case.



March 10, 2023
Page 3

In addition, the applicable Guideline in *Khodadad* was Section 2B1.1, USAO.Br.36-37 n.*, and the USAO did not claim that there was any distinction between the narcotics context of *Azeem* and the theft Guideline context of *Khodadad*,[2] even under plain error review. Similarly, the USAO made no claim that Amendment 439 may have affected *Azeem*.

In short, the USAO's actions and arguments in *Khodadad* confirm that the prosecutors' arguments here are strained attempts to avoid the straightforward rule of *Azeem* and rationalize their irregular effort to punish foreign conduct.

Respectfully submitted,

*Justin S. Weddle*

Justin S. Weddle

---

[2] At the time, theft offenses were covered by Section 2B1.1 and fraud offenses were covered by Section 2F1.1. The two provisions were generally consistent, and eventually both were merged into Section 2B1.1.