

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 22, 2023

<u>**VIA ECF**</u>

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Karl Sebastian Greenwood,* **S5 17 Cr. 630 (ER)**

Dear Judge Ramos:

    The Government submits this brief letter to address a point raised in the defendant's post-reply supplemental letter regarding the Second Circuit's decision in *United States v. Khodadad*, 122 F.3d 1058, 1995 WL 595073 (2d. Cir. Sept. 12, 1995). *See* Dkt. No. 523 (the "Supplemental Letter").

    Contrary to the arguments raised by Greenwood in the Supplemental Letter, the facts of *Khodadad* are fully consistent with the Government's offense of conviction argument in this case. In *Khodadad*, the indictment charged the defendant with one substantive count of transporting stolen goods and one substantive count of receiving stolen goods. Dkt. No. 523-1 at 9-10. As to both counts, the indictment's to wit clause defined the stolen goods as "one painting by Pieter Brueghel the Younger, entitled 'The Flemish Proverbs,' worth approximately $1,000,000." *Id.* At sentencing, the District Court considered as relevant conduct the value of other stolen art and rugs that were not charged in the Indictment and had never been transported into the United States. *Id.* at 24, 27-28; 523-4 at 9-11. On appeal, the Government consented to remand because the District Court had improperly considered conduct that was not part of the offense of conviction and was entirely foreign criminal conduct.

    The Government's position here is fully consistent with *Khodadad*. In this case—and unlike in *Khodadad*—the losses to foreign victims and the funds laundered from the United States and around the world resulted from the very offenses that Greenwood was charged with and has pleaded guilty to. Accordingly, for all the reasons set forth in the Government's opposition brief,

these losses and the full amount of the funds laundered should be part of the sentencing calculation under U.S.S.G. Section 2B1.1.

                                                Respectfully submitted,

                                                DAMIAN WILLIAMS
                                                United States Attorney

                                By:      /s/
                                                Christopher J. DiMase/ Nicholas Folly/
                                                Juliana N. Murray/ Kevin Mead
                                                Assistant United States Attorneys
                                                (212) 637-2433/1060/2314/2211

cc:    Justin S. Weddle and Howard R. Leader, counsel for Karl Sebastian Greenwood (by ECF)